IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLOTTE M. FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-cv-0203 |
| | ) Judge Trauger |
| HENRY M. PAULSON, JR., | ) |
| SECRETARY OF THE TREASURY, | ) |
| in his official capacity, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On June 30, 2009, the Magistrate Judge issued a Report and Recommendation, in which he recommended that this court grant the defendant's pending motion for summary judgment, a recommendation that would result in the dismissal of the plaintiff's claims in their entirety. (Docket No. 49.) The plaintiff has filed timely objections to the Report and Recommendation. (Docket No. 51.) Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The plaintiff in this case, Charlotte M. Ferguson, was employed by the Internal Revenue Service ("I.R.S.") as a Grade 12 Revenue Agent in the Bank Secrecy Act program, which required her to conduct research into potentially fraudulent activity. (Docket No. 49 at 2.) She asserts that, since 2004, she has been passed over for promotions, suspended, criticized, and

1

subject to a hostile work environment because of her race and in retaliation for complaints that she filed with the Equal Employment Opportunity Commission. (*Id.*) However, as detailed in the Magistrate Judge's Report and Recommendation, the plaintiff was reprimanded repeatedly for her insistence on forwarding "fraud leads" directly to the I.R.S.'s Criminal Investigation division, in contravention of stated agency policy and directives. (*Id.* at 2-3.)

In considering the plaintiff's Title VII claims, the Magistrate Judge concluded that the plaintiff had failed to provide admissible evidence, beyond her pleadings and "bare allegations," that would establish the elements required to support her claims. (*Id.* at 7.) The Magistrate Judge first concluded that certain of the plaintiff's claims are untimely and not entitled to equitable tolling. (*Id.* at 8-15.) In addition, the Magistrate Judge found that the plaintiff cannot establish a *prima facie* case of a hostile work environment, race discrimination, or retaliation on account of the fact that she has presented no evidence that any of the defendant's actions were taken on the basis of her membership in a protected class or her complaints to the Equal Employment Opportunity Commission. (*Id.* at 11-12, 15-18.) Finally, the Magistrate Judge found that, even if the plaintiff had established a *prima facie* case, she cannot establish that the legitimate, non-discriminatory reasons articulated by the defendant for its actions were merely a pretext for discrimination. (*Id.* at 12-13, 19-22.)

The plaintiff objects to the Magistrate Judge's Report and Recommendation, asserting that she has submitted "compelling evidence" that the I.R.S. did not have any policies or procedures for submitting fraud leads to the Criminal Investigation division regarding matters of national security, that she only forwarded fraud leads to the Criminal Investigation division herself after her managers refused to do so, and that her fraud leads included information

regarding individuals involved in illegal activities, and, in particular, illegal drug activities. (Docket No. 51 at 1.) The plaintiff further asserts that her managers failed to follow I.R.S. policies and procedures regarding fraud leads and that the Federal Bureau of Investigation and the Drug Enforcement Agency have used her fraud leads as evidence in drug and terrorism cases. (*Id.* at 2.)

However, the plaintiff once again fails to provide any of the "compelling evidence" that she claims to have adduced. Moreover, there is no indication that any of this evidence, which ostensibly relates to I.R.S. policies and practices regarding fraud leads, would remedy the many shortcomings in her claims identified by the Magistrate Judge—namely, the fact that the plaintiff has not adduced any evidence that she was subject to a hostile work environment, discrimination, or retaliation on the basis of race.

Having carefully reviewed the Magistrate Judge's Report and Recommendation and the plaintiff's objections thereto, the plaintiff's objections are **OVERRULED**. The Report and Recommendation is hereby **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons stated therein and herein, it is hereby **ORDERED** that the motion for summary judgment filed by the defendant (Docket No. 38) is **GRANTED**, and this case is dismissed.

It is so Ordered.

Entered this 22nd day of July 2009.

_____
ALETA A. TRAUGER
United States District Judge